PER CURIAM.
The trial court summarily denied the defendant’s rule 3.850 motion on the ground that the claim asserted in the motion was conclusively refuted by the transcript of the defendant’s plea colloquy. However, the transcript was not attached to the order as required by rule 3.850(d). In an appeal from an order summarily denying a postconviction motion, the record consists entirely of “conformed copies of the motion, order, motion for rehearing, and order thereon, and attachments to any of the foregoing.” See Fla.R.App.P. 9.140(f). The appellate court does not have access to the full record as it would in a plenary appeal. Because we do not have the transcript purporting to refute the defendant’s claim, we must reverse the trial court’s summary denial of the motion. On remand, the trial court may attach those portions of the record that conclusively show that the defendant is entitled to no relief, or may conduct an evidentiary hear-
*550 ing. See Cooper v. State, 700 So.2d 734 (Fla. 1st DCA 1997).
Reversed.
ERVIN, LAWRENCE and PADOVANO, JJ., CONCUR.